BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP
4004 BELT LINE ROAD SUITE 100
ADDISON, TX 75001
(972) 341-0587

BDFTE# 00000008735938

Attorney for TRUMAN CAPITAL ADVISORS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE:           §   CASE NO. 19-33858-SGJ-13
              §
JAMES CARY MCCOLLUM,    §
  Debtor         §   CHAPTER 13

## OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW TRUMAN CAPITAL ADVISORS (hereinafter "Creditor"), a secured creditor in this bankruptcy case, and files its Objection to Confirmation of the Debtor's Chapter 13 Plan. In support thereof, Creditor would allege as follows:

1. On or about November 20, 2007, Co-Debtor, FRANK D. MCCOLLUM, III, executed a Note payable to EQUIFIRST CORPORATION, in the original principal amount of ONE HUNDRED SIXTY-TWO THOUSAND DOLLARS AND ZERO CENTS, ($162,000.00). The Note is secured by a first lien Deed of Trust on property described to wit:

BEING THE WEST 86 FEET OF LOT 34, BLOCK 4, OF SHERWOOD FOREST INSTALLMENT NO. 2 AND REVISION OF INSTALLMENT NO. 1, AN ADDITION TO THE CITY OF IRVING, DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 36, PAGE 183, OF THE MAP RECORD OF DALLAS COUNTY, TEXAS.

2.      Creditor has not yet filed a Proof of Claim. The deadline for filing Proof of Claims is set for January 28, 2020. Creditor asserts this Objection to preserve its rights and to assist in the efficient administration of confirmation.

3.      Prior to the filing of this petition, Co-Debtor was in default according to the terms and conditions of the Note and Home Equity Deed of Trust.  Debtor filed the current bankruptcy on November 19, 2019, seeking to prevent Creditor from moving forward with the eviction process and obtaining possession of the Property. Debtor, a non-borrower on the loan and non-title holder to the property, continues to enjoy the benefits of the Property, causing loss and harm to Creditor.  As such, Creditor objects to any treatment in the Debtor's Chapter 13 Plan.

4.      **The property was foreclosed on or about August 2, 2011and a Substitute Trustee's Deed was recorded on August 12, 2011, providing notice of the completed sale of the Property.**

5.      Following the August 2, 2011 foreclosure sale of the property, various litigation followed. A detailed accounting of that litigation can be found in the Motion for Relief from Stay filed by Creditor on January 2, 2020 at Docket Number 20.

6.      On November 6, 2019, Co-Debtor executed a Quit Claim Deed transferring the property to Debtor. Co-Debtor no longer held title to the property to transfer to Debtor at this time.

7.      Lockout was finally scheduled for November 18, 2019 and rescheduled to November 19, 2019.

8.      **Debtor filed this bankruptcy case on November 19, 2019, case number 19-33858-SGJ-13.**

9.      Co-Debtor currently resides at the Terrell Unit of the Texas Department of Criminal Justice located in Rosharon, Texas.  Co-Debtor has been incarcerated since August 27, 2015 and

does not become eligible for parole until September 11, 2022, with a projected release date of March 12, 2030.

10.     **Debtor is a tenant at sufferance on the Property. Debtor and Co-Debtor owe to Creditor recoverable monthly rents for occupancy of the Property since August 2, 2011.** Due to the completed foreclosure sale, Debtor and Co-Debtor have no legal ownership interest in the Property, yet Debtor continues to reside on said Property as a tenant at sufferance pursuant to the Deed of Trust, in part, as follows:

> If the Property is sold pursuant to this Paragraph 15, Grantor or any person holding possession of the Property through Grantor shall immediately surrender possession of the Property to purchaser at such sale. If possession is not surrendered, Grantor or such person shall be a tenant at sufferance and may be removed by writ of possession.

11.     **Ownership rights to the Property which Co-Debtor could assert, if any, were severed upon completion of the sale and the Property can no longer be considered property of the estate under 11 U.S.C. § 541**. Creditor purchased the property at the August 2, 2011, foreclosure sale. The Substitute Trustee accepted Creditor's bid, thus conveying title on the Property to Creditor. The sale was complete when the foreclosure was conducted in accordance with the law and the provisions of the Deed of Trust *Peterson v. Black*, 980 S.W.2d 818, 822 (Tex.App.--San Antonio 1988, no writ). Furthermore, the Substitute Trustee Deed was recorded on August 12, 2011, providing notice of the completed foreclosure sale. Debtor had no ownership rights in the property prior to the foreclosure sale. Co-Debtor attempted to transfer title of the property into Debtor after the completed foreclosure sale.

12.     The Debtor's Chapter 13 Plan purports to allow Debtor to retain title and possession of their home, and "cure and maintain" the debt of the home. Debtor's schedule J lists a rental or home ownership expense of $323 per month and no amount for taxes or insurance on the property. According to the Dallas County Central Appraisal District, the estimated 2019 taxes

are $5,716.08 or $476.34 per month. Co-Debtor has not paid the taxes on the property since 2009.

Prior to foreclosure, the principal and interest payments under the note were $1,524.44. Debtor's

total monthly income is $1,214 per month and his net income is $195 per month. Debtor's

proposed plan payment is $100 per month. Debtor is unable to even pay the property taxes on the

property, let alone the insurance, upkeep and mortgage payments on the home. This is without

considering the large arrearage due on the home which would have accrued over the last 8 years

if the foreclosure sale were to be unwound. If these arrears were paid through the plan, Debtor

would need to be a conduit debtor, causing a larger trustee fee. It's simply impossible for the

Debtor to afford the home to which he has no legal interest. Co-Debtor is imprisoned and not

eligible for parole until September of 2022. Co-Debtor is unable to make any contributions to the

household.

13.     Since the property is not property of the Debtor's estate, the property should not be

provided for in the Debtor's Chapter 13 Plan. Therefore, Creditor objects to **any** treatment in the

Debtor's Chapter 13 Plan and elects to pursue its rights as to the property under state law and the

Deed of Trust, outside of the Bankruptcy.

14.     Based on the foregoing Creditor rejects any treatment under the proposed plan.

WHEREFORE, Creditor prays that this Court deny confirmation of the Debtor's Chapter

13 Plan.

Respectfully submitted,

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP


BY: /s/ Rachael Swernofsky                    1/8/2020
    Rachael Swernofsky
    TX NO. 24097169
    4004 BELT LINE ROAD SUITE 100
    ADDISON , TX 75001
    Telephone: (972) 341-0587
    E-mail:  NDECF@BDFGROUP.COM
    ATTORNEY FOR CREDITOR

## CERTIFICATE OF SERVICE

I hereby certify that on January 08, 2020, a true and correct copy of the Objection to Confirmation of Debtor(s) Chapter 13 Plan was served via electronic means as listed on the Court's ECF noticing system or by regular first class mail to the parties listed on the attached list.

I hereby certify that on December 31, 2019, an attorney from the undersigned office contacted the office of the Debtor's Attorney regarding the foregoing Objection. The Objection is unable to be resolved at this time.

Respectfully submitted,

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP.

BY: /s/ Rachael Swernofsky                     1/8/2020
   Rachael Swernofsky
   TX NO. 24097169
   4004 BELT LINE ROAD SUITE 100
   ADDISON , TX 75001
   Telephone: (972) 341-0587
   E-mail:  NDECF@BDFGROUP.COM
   ATTORNEY FOR CREDITOR

**BY ELECTRONIC NOTICE OR REGULAR FIRST CLASS MAIL:**

**DEBTOR:**
JAMES CARY MCCOLLUM
2717 YORKSHIRE STREET
IRVING, TX 75061

**DEBTOR'S ATTORNEY:**
RICHARD D. KINKADE
2121 W. AIRPORT FRWY., STE 400
IRVING, TX  75062

**TRUSTEE:**
THOMAS POWERS
105 DECKER COURT
SUITE 1150
IRVING, TX  75062